IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEAN SEALE, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-3981-L |
| | ) | |
| DALLAS COUNTY, ET AL., | ) | |
|       Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff is a state prisoner and has filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Dallas County, the Dallas County Jail, and Parkland Hospital.

Plaintiff claims Defendants were deliberately indifferent to his serious medical needs while he was incarcerated in the Dallas County Jail. He states he informed jail officers that he had a broken nose, and officers sent him to Parkland Hospital. At Parkland Hospital he had surgery for a deviated septum. He states medical personnel at Parkland Hospital told him to return in five days to have rods/tubes taken out of his nose. Plaintiff states he informed jail officials that he was to return to Parkland Hospital in five days, or on November 17, 2015, but the next day he was transferred to the Texas Department of Criminal Justice. He states the

tubes/rods were not removed from his nose until December 8, 2015. (Magistrate Judge's Questionnaire, Answer No. 3.) Plaintiff states that as a result of the tubes/rods not being removed in five days, he has complications with breathing. Plaintiff seeks money damages and an order that his nose be properly fixed.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

## III. Discussion

### A. Medical Care

Plaintiff claims Defendants failed to adequately provide for his medical needs by failing to timely have to tubes/rods removed from his nose. Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution. U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish a constitutional violation, Plaintiff must show that prison officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain." *Id.* 429 U.S. at 106. This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Plaintiff's claims do not establish that Defendants acted with deliberate indifference to his serious medical needs to cause the "unnecessary or wanton infliction of pain." Although the tubs/rods in Plaintiff's nose were not removed on November 17, 2015, Plaintiff states jail officials took him to a doctor in Abilene after his transfer, and that the tubes/rods were removed on December 8, 2015. Plaintiff's allegations establish, at most, a claim of negligence. Negligent conduct does not rise to the level of a constitutional violation. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Procunier v. Navarette*, 434 U.S. 555, 556 (1978). Plaintiff's claims should be dismissed.

### B. Dallas County Jail

Plaintiff names the Dallas County Jail as a defendant. A plaintiff may not bring a civil

rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government). Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail*, No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same). Dallas County Jail should therefore be dismissed.

## IV. Recommendation

The Court recommends that Plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e).

Signed this 5 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).